# EXHIBIT A

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ Southern District of Texas _____
(State)

Case number (*if known*): _____     Chapter ____11____

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Compute North LLC |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | Compute North, LLC |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | __ 82-3377185 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 7575 Corporate Way | |
| Number        Street | Number        Street |
| | |
| Eden Prairie, Minnesota  55344 | |
| City        State        Zip Code | City        State        Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| Hennepin | |
| County | |

5. **Debtor's website** (URL)    https://www.computenorth.com/

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Exhibit A

| Debtor | Compute North LLC | Case number *(if known)* | |
|--------|-------------------|--------------------------|--|
| | Name | | |

**7. Describe debtor's business**

**A.** *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5182

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B)..

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
|----------|----------------|------|---------------------------|-------------|----------------|
| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

Exhibit A

| Debtor | Compute North LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | | Relationship | Affiliate |
|---|---|---|---|
| Debtor District | See Schedule 1 | | |
| | Southern Texas | When | 09 / 22 / 2022 |
| Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| Number | Street |
|---|---|

| City | State | Zip Code |
|---|---|---|

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

---

[1] Estimated number of creditors, assets and liabilities noted here are provided on a consolidated basis.

Exhibit A

| Debtor | Compute North LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 15. Estimated assets[2] | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities[3] | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    09 / 22 / 2022
                MM/ DD / YYYY

**✗**    /s/ Harold Coulby                 Harold Coulby
          Signature of authorized representative of debtor      Printed name

Title      Authorized Signatory

**18. Signature of attorney**

**✗**    /s/ James T. Grogan III          Date    09 / 22 / 2022
          Signature of attorney for debtor              MM/DD/YYYY

          James T. Grogan III
          Printed name

          Paul Hastings LLP
          Firm name

          600          Travis Street, 58th Floor
          Number         Street

          Houston            TX       77002
          City             State     ZIP Code

          (713) 860-7300          jamesgrogan@paulhastings.com
          Contact phone          Email address

          24027354          TX
          Bar number           State

---

[2]    Estimated number of creditors, assets and liabilities noted here are provided on a consolidated basis.

[3]    Estimated number of creditors, assets and liabilities noted here are provided on a consolidated basis.

Exhibit A

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| United States Bankruptcy Court for the: | |
| Southern District of Texas | |
| (State) | |
| Case number *(if known)*: _____ | Chapter ___11___ |

### Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors plan to file a motion with the Court requesting joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Compute North Holdings, Inc.

| Debtor | Employer/Corporate Identification Number | Jurisdiction |
|---|---|---|
| Compute North Holdings, Inc. | 85-3774534 | United States |
| Compute North LLC | 82-3377185 | United States |
| CN Corpus Christi LLC | 88-1145551 | United States |
| CN Atoka LLC | 87-3904384 | United States |
| CN Big Spring LLC | 87-3854397 | United States |
| CN Colorado Bend LLC | 87-3864610 | United States |
| CN Developments LLC | 87-3782570 | United States |
| CN Equipment LLC | 88-2676885 | United States |
| CN King Mountain LLC | 87-3937190 | United States |
| CN Minden LLC | 87-3833722 | United States |
| CN Mining LLC | 87-4495223 | United States |
| CN Pledgor LLC | 87-4409871 | United States |
| Compute North Member LLC | 87-3758639 | United States |
| Compute North NC08 LLC | 87-1858069 | United States |
| Compute North NY09 LLC | 87-2175453 | United States |
| Compute North SD, LLC | 37-1911501 | United States |
| Compute North Texas LLC | 35-2621883 | United States |
| Compute North TX06 LLC | 85-4305921 | United States |
| Compute North TX10 LLC | 87-3224238 | United States |

Exhibit A

**WRITTEN CONSENT OF THE SOLE MEMBER**

**OF**

**COMPUTE NORTH LLC**

**September 22, 2022**

The undersigned, being the sole member (the "<u>Sole Member</u>") of Compute North LLC, a Delaware limited liability company (the "<u>Company</u>"), does hereby take the following actions and adopt the following resolutions pursuant to its third amended and restated limited liability company agreement, dated as of December 1, 2020, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**<u>Commencement of Chapter 11 Case</u>**

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "<u>Chapter 11 Case</u>") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "<u>Bankruptcy Court</u>"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "<u>Authorized Person</u>"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

Exhibit A

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## First Day Declarant

  **NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

  **RESOLVED**, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Retention of Professionals

  **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

  **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

  **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## Subsidiary Written Consents

**WHEREAS**, CN Corpus Christi LLC, a Delaware limited liability company, CN Atoka LLC, a Delaware limited liability company, CN Big Spring LLC, a Delaware limited liability company, CN Colorado Bend LLC, a Delaware limited liability company, CN Developments LLC, a Delaware limited liability company, CN Equipment LLC, a Delaware limited liability company, CN King Mountain LLC, a Delaware limited liability company, CN Minden LLC, a Delaware limited liability company, CN Mining LLC, a Delaware limited liability company, CN Pledgor LLC, a Delaware limited liability company, Compute North Member LLC, a Delaware limited liability company, Compute North NC08 LLC, a Delaware limited liability company, Compute North NY09 LLC, a Delaware limited liability company, Compute North SD, LLC, a Delaware limited liability company, Compute North Texas LLC, a Delaware limited liability company, Compute North TX06 LLC, a Delaware limited liability company, Compute North TX10 LLC, a Delaware limited liability company, are each direct subsidiaries of the Company (each, a "Subsidiary" and collectively, the "Subsidiaries"), and, therefore, the Sole Member approves the following resolutions:

**NOW, THEREFORE, BE IT RESOLVED**, that the Company as the sole member of each of the Subsidiaries, execute and deliver the written consents attached hereto as Exhibit A (the "Written Consents"), and the Subsidiaries consummate or otherwise effectuate the transactions and other matters contemplated thereby; and be it further

**RESOLVED**, that the form, terms and provisions of each Written Consent, and the transactions and other matters contemplated thereby, be, and they hereby are, authorized and approved in all respects; and be it further

**RESOLVED**, the Company is authorized and directed in its capacity as the sole member of the applicable Subsidiary to execute and deliver the Written Consents, and each officer of each applicable Subsidiary is authorized and directed to consummate or otherwise effectuate the transactions and other matters contemplated by such Written Consent and to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, as such officer may deem necessary or advisable to carry out the purposes and intent of the applicable Written Consent.

**General Authorization**

**NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate, statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further

4

agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

RESOLVED, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

RESOLVED, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

RESOLVED, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company hereby adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

RESOLVED, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

5

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

**COMPUTE NORTH HOLDINGS INC.**

By: _Harold E Coulby, Jr._ _____

Name: Harold Coulby

Title: Chief Financial Officer

**Exhibit A**

**Written Consents**

# WRITTEN CONSENT OF THE SOLE MEMBER

## OF

## CN ATOKA LLC

### September 22, 2022

The undersigned, being the sole member (the "Sole Member") of CN Atoka LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of November 23, 2021, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

## Commencement of Chapter 11 Case

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

Exhibit A

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

**First Day Declarant**

        **NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

        **RESOLVED**, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

**Retention of Professionals**

        **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

        **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

        **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

RESOLVED, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

RESOLVED, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

RESOLVED, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## General Authorization

NOW, THEREFORE, BE IT RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

Exhibit A

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

**COMPUTE NORTH LLC**

By: Compute North Holdings, Inc., its sole member

By: _____

     Name:

     Title:

# WRITTEN CONSENT OF THE SOLE MEMBER

## OF

## CN BIG SPRING LLC

### September 22, 2022

The undersigned, being the sole member (the "Sole Member") of CN Big Spring LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of November 23, 2021, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

### Commencement of Chapter 11 Case

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

Exhibit A

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## First Day Declarant

NOW, THEREFORE, BE IT RESOLVED, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

RESOLVED, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Retention of Professionals

NOW, THEREFORE, BE IT RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

Exhibit A

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

      **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

      **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

      **RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## General Authorization

      **NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

Exhibit A

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

        **RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

**COMPUTE NORTH LLC**

By: Compute North Holdings, Inc., its sole member

By: _____
     Name:
     Title:

Exhibit A

**WRITTEN CONSENT OF THE SOLE MEMBER**

**OF**

**CN COLORADO BEND LLC**

**September 22, 2022**

The undersigned, being the sole member (the "Sole Member") of CN Colorado Bend LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of November 23, 2021, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**Commencement of Chapter 11 Case**

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## First Day Declarant

        **NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

        **RESOLVED**, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Retention of Professionals

        **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

        **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

        **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

**General Authorization**

**NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

4

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

                                      **COMPUTE NORTH LLC**

                                      By: Compute North Holdings, Inc., its sole member

                                      By: _____

                                            Name:

                                            Title:

## WRITTEN CONSENT OF THE SOLE MEMBER

### OF

### CN CORPUS CHRISTI LLC

### September 22, 2022

The undersigned, being the sole member (the "Sole Member") of CN Corpus Christi LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of April 15, 2022, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

## Commencement of Chapter 11 Case

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## First Day Declarant

NOW, THEREFORE, BE IT RESOLVED, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

RESOLVED, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Retention of Professionals

NOW, THEREFORE, BE IT RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

      **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

      **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

      **RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

**<u>General Authorization</u>**

      **NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

RESOLVED, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

RESOLVED, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

RESOLVED, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

RESOLVED, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company hereby adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

RESOLVED, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

5

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

**COMPUTE NORTH LLC**

By: Compute North Holdings, Inc., its sole member

By: _____
     Name:
     Title:

**WRITTEN CONSENT OF THE SOLE MEMBER**

**OF**

**CN DEVELOPMENTS LLC**

**September 22, 2022**

The undersigned, being the sole member (the "Sole Member") of CN Developments LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of November 23, 2021, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**Commencement of Chapter 11 Case**

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

Exhibit A

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## First Day Declarant

       **NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

       **RESOLVED**, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Retention of Professionals

       **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

       **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

       **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

   **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("<u>Epiq</u>") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

   **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

   **RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

<u>**General Authorization**</u>

   **NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

3

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

Exhibit A

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

COMPUTE NORTH LLC

By: Compute North Holdings, Inc., its sole member

By: _____

     Name:

     Title:

# WRITTEN CONSENT OF THE SOLE MEMBER

## OF

## CN EQUIPMENT LLC

**September 22, 2022**

The undersigned, being the sole member (the "Sole Member") of CN Equipment LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of June 2, 2022, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**Commencement of Chapter 11 Case**

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

**First Day Declarant**

      **NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

      **RESOLVED**, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

**Retention of Professionals**

      **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

      **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

      **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

2

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

   **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

   **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

   **RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## General Authorization

   **NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

4

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

        **RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

**COMPUTE NORTH LLC**

By: Compute North Holdings, Inc., its sole member

By: _____
     Name:
     Title:

Exhibit A

# WRITTEN CONSENT OF THE SOLE MEMBER

## OF

## CN KING MOUNTAIN LLC

### September 22, 2022

The undersigned, being the sole member (the "Sole Member") of CN King Mountain LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of November 23, 2021, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**Commencement of Chapter 11 Case**

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

Exhibit A

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## First Day Declarant

NOW, THEREFORE, BE IT RESOLVED, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

RESOLVED, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Retention of Professionals

NOW, THEREFORE, BE IT RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

Exhibit A

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

       **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

       **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

       **RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

### General Authorization

       **NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

Exhibit A

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

        **RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

**COMPUTE NORTH LLC**

By: Compute North Holdings, Inc., its sole member

By: _____

     Name:

     Title:

Exhibit A

# WRITTEN CONSENT OF THE SOLE MEMBER

## OF

## COMPUTE NORTH MEMBER LLC

### September 22, 2022

The undersigned, being the sole member (the "Sole Member") of Compute North Member LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of August 24, 2022, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**Commencement of Chapter 11 Case**

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

Exhibit A

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

**First Day Declarant**

      **NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

      **RESOLVED**, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

**Retention of Professionals**

      **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

      **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

      **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

Exhibit A

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

RESOLVED, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

RESOLVED, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

RESOLVED, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## General Authorization

NOW, THEREFORE, BE IT RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

3

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

**COMPUTE NORTH LLC**

By: Compute North Holdings, Inc., its sole member

By: _____

     Name:

     Title:

**WRITTEN CONSENT OF THE SOLE MEMBER**

**OF**

**CN MINDEN LLC**

**September 22, 2022**

The undersigned, being the sole member (the "Sole Member") of CN Minden LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of November 23, 2021, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**Commencement of Chapter 11 Case**

      **WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

      **WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

      **NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

      **RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

Exhibit A

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## First Day Declarant

NOW, THEREFORE, BE IT RESOLVED, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

RESOLVED, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Retention of Professionals

NOW, THEREFORE, BE IT RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

2

Exhibit A

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

> **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

> **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

> **RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## General Authorization

> **NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

3

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

           **RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

           **RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

           **RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

           **RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company hereby adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

           **RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

4

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

**COMPUTE NORTH LLC**

By: Compute North Holdings, Inc., its sole member

By: _____
     Name:
     Title:

# WRITTEN CONSENT OF THE SOLE MEMBER

## OF

## CN MINING LLC

### September 22, 2022

The undersigned, being the sole member (the "Sole Member") of CN Mining LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of January 12, 2022, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**Commencement of Chapter 11 Case**

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

Exhibit A

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## First Day Declarant

   **NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

   **RESOLVED**, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Retention of Professionals

   **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

   **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

   **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

RESOLVED, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

RESOLVED, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

RESOLVED, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## General Authorization

NOW, THEREFORE, BE IT RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

3

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

4

Exhibit A

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

COMPUTE NORTH LLC

By: Compute North Holdings, Inc., its sole member

By: _____
     Name:
     Title:

Exhibit A

# WRITTEN CONSENT OF THE SOLE MEMBER

## OF

## COMPUTE NORTH NC08, LLC

### September 22, 2022

The undersigned, being the sole member (the "Sole Member") of Compute North NC08, LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of July 15, 2021, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**Commencement of Chapter 11 Case**

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

Exhibit A

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## First Day Declarant

       **NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

       **RESOLVED**, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Retention of Professionals

       **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

       **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

       **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

Exhibit A

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

### General Authorization

**NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

Exhibit A

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

**COMPUTE NORTH LLC**

By: Compute North Holdings, Inc., its sole member

By: _____

     Name:

     Title:

Exhibit A

# WRITTEN CONSENT OF THE SOLE MEMBER
## OF
## COMPUTE NORTH NY09, LLC
### September 22, 2022

The undersigned, being the sole member (the "Sole Member") of Compute North NY09, LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of July 30, 2021, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**Commencement of Chapter 11 Case**

WHEREAS, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

WHEREAS, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

NOW, THEREFORE BE IT RESOLVED, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

RESOLVED, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## First Day Declarant

       **NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

       **RESOLVED**, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Retention of Professionals

       **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

       **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

       **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

2

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

       **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

       **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

       **RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## General Authorization

       **NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

4

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

COMPUTE NORTH LLC

By: Compute North Holdings, Inc., its sole member

By: _____
     Name:
     Title:

**WRITTEN CONSENT OF THE SOLE MEMBER**

**OF**

**CN PLEDGOR LLC**

**September 22, 2022**

The undersigned, being the sole member (the "Sole Member") of CN Pledgor LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of February 4, 2022, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**Commencement of Chapter 11 Case**

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## First Day Declarant

      **NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

      **RESOLVED**, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Retention of Professionals

      **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

      **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

      **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

2

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

> **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

> **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

> **RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## General Authorization

> **NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

4

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

**COMPUTE NORTH LLC**

By: Compute North Holdings, Inc., its sole member

By: _____

     Name:

     Title:

Exhibit A

# WRITTEN CONSENT OF THE SOLE MEMBER

## OF

## COMPUTE NORTH SD LLC

### September 22, 2022

The undersigned, being the sole member (the "Sole Member") of Compute North SD LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its amended and restated limited liability company agreement, dated as of September 20, 2022, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**Commencement of Chapter 11 Case**

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

Exhibit A

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## First Day Declarant

NOW, THEREFORE, BE IT RESOLVED, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

RESOLVED, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Retention of Professionals

NOW, THEREFORE, BE IT RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

RESOLVED, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

Exhibit A

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

    **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

    **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

    **RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

**General Authorization**

    **NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

Exhibit A

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

        **RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

COMPUTE NORTH LLC

By: Compute North Holdings, Inc., its sole member

By: _____

     Name:

     Title:

Exhibit A

# WRITTEN CONSENT OF THE SOLE MEMBER

## OF

## COMPUTE NORTH TEXAS LLC

### September 22, 2022

The undersigned, being the sole member (the "Sole Member") of Compute North Texas LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its amended and restated limited liability company agreement, dated as of December 1, 2020, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**Commencement of Chapter 11 Case**

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## First Day Declarant

   **NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

   **RESOLVED**, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

## Retention of Professionals

   **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

   **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

   **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

        **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("<u>Epiq</u>") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

        **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

        **RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## <u>General Authorization</u>

        **NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

3

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company hereby adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

4

Exhibit A

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

**COMPUTE NORTH LLC**

By: Compute North Holdings, Inc., its sole member

By: _____
     Name:
     Title:

Exhibit A

**WRITTEN CONSENT OF THE SOLE MEMBER**

**OF**

**COMPUTE NORTH TX06 LLC**

**September 22, 2022**

The undersigned, being the sole member (the "Sole Member") of Compute North TX06 LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of December 4, 2020, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**Commencement of Chapter 11 Case**

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

Exhibit A

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

**First Day Declarant**

        **NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

        **RESOLVED**, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

**Retention of Professionals**

        **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

        **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

        **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

        **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

        **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

        **RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

**General Authorization**

        **NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

> **RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

> **RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

> **RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

> **RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

> **RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

5

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

**COMPUTE NORTH LLC**

By: Compute North Holdings, Inc., its sole member

By: _____

     Name:

     Title:

# WRITTEN CONSENT OF THE SOLE MEMBER

## OF

## COMPUTE NORTH TX10, LLC

### September 22, 2022

The undersigned, being the sole member (the "Sole Member") of Compute North TX10, LLC, a Delaware limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions pursuant to its limited liability company agreement, dated as of October 22, 2021, as amended and restated, and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended and restated, effective as of the date hereof:

**Commencement of Chapter 11 Case**

**WHEREAS**, the Sole Member has, with the benefit of (i) financial advice from the Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to the Company, and (iii) operational advice from management of the Company, fully considered each of the strategic alternatives available to the Company and the effect of the foregoing on the Company's business;

**WHEREAS**, the Sole Member has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of a chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code") and has determined that taking the actions set forth below is advisable and in the best interests of the Company, and, therefore, approves the following resolutions:

**NOW, THEREFORE BE IT RESOLVED**, that the Sole Member has determined, after due consultation with the management of and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the President, the Chief Operating Officer, the Chief Financial Officer, the Chief Legal Officer, and any Senior Vice President, and any other representative of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection

Exhibit A

with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

**First Day Declarant**

          **NOW, THEREFORE, BE IT RESOLVED**, that in light of the familiarity and experience of Harold Coulby, CFO, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Case, and the Company's negotiations with its key stakeholders to date, the Sole Member has determined it is appropriate and in the best interest of the Company to authorize Mr. Coulby to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Case; and be it further

          **RESOLVED**, that Mr. Coulby is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Case, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief.

**Retention of Professionals**

          **NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of Paul Hastings LLP ("Paul Hastings"), located at 200 Park Avenue, New York, NY 10166, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and applicable law in the United States, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul Hastings; and be it further

          **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), located at 520 Madison Avenue, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection herewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and be it further

          **RESOLVED**, that each Authorized Person be, and they hereby are, authorized and directed to employ the firm Portage Point Partners ("Portage Point"), located at 300 North LaSalle, Suite 1420, Chicago, IL 60654, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and be it further

    **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it further

    **RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

    **RESOLVED**, that each of the Authorized Persons be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

### General Authorization

    **NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, such Authorized Persons (and their designees and delegates) are, in the name of and on behalf of the Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate,

statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of the Sole Member, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person (and their designees and delegates) be authorized, empowered and directed, in the name of and on behalf of the Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, including all such debtor-in-possession financing agreements (which may include the granting of liens), asset purchase agreements, chapter 11 plans and associated disclosure statements and any related documents or agreements, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons, in their reasonable business judgment, may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon the Company, of such Authorized Person's authority and of the approval of the Company; and be it further

**RESOLVED**, that the Sole Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, the Company adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue; and be it further

**RESOLVED**, that each of the Authorized Persons of the Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed

4

necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member of the Company.

*[Signature on Following Page]*

Exhibit A

**IN WITNESS WHEREOF**, the undersigned being the Sole Member has executed this written consent effective as of the date first written above.

**COMPUTE NORTH LLC**

By: Compute North Holdings, Inc., its sole member

By: _____
      Name:
      Title:

Exhibit A

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH LLC, | ) | Case No. __-_____ (___) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Compute North Holdings, Inc. | 100% |

Exhibit A

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH LLC, | ) Case No. __-_____ (___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Compute North, LLC | Compute North Holdings, Inc. | 7575 Corporate Way Eden Prairie, MN 55344 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

Exhibit A

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   Compute North Holdings, Inc., et al. |
| United States Bankruptcy Court for the:   Southern District of Texas |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BOOTSTRAP ENERGY LLC 3838 OAK LAWN AVE, SUITE 100 DALLAS, TX 75219 | CONTACT: STEVE QUISENBERRY INFO@BOOTSTRAP-ENERGY.COM | CONTRACT COUNTERPARTY | Contingent & Unliquidated | | | Unliquidated |
| 2 | US BITCOIN CORPORATION 1221 BRICKELL AVE STE 900 MIAMI, FL 33131 | CONTACT: JOEL BLOCK PHONE: 813-624-3074 JBLOCK@USBITCOIN.COM | LITIGATION | Contingent, Unliquidated & Disputed | | | $3,750,000.00 |
| 3 | MP2 ENERGY TEXAS LLC D/B/A SHELL ENERGY SOLUTIONS TX PO BOX 733560 DALLAS, TX 75373-3560 | CONTACT: MARSHA PIERCE PHONE: 877-238-5343 MARSHA.PIERCE@SHELLENERGY.COM | UTILITIES | Disputed | | | $2,096,171.93 |
| 4 | ATLAS CONSOLIDATED MINING AND DEVELOPMENT CORPORATION 1705 GUADALUPE, SUITE 400 AUSTIN, TX 78701 | CONTACT: MICHAEL GUO MICHAEL.GUO@ATLASMINING.COM | LITIGATION | Contingent, Unliquidated & Disputed | | | $1,773,184.61 |
| 5 | NBTC LIMITED ROOM 1502, 15/F, HARCOURT HOUSE NO. 39 GLOUCESTER ROAD WANCHAI HONG KONG | CONTACT: ANASTASIA/GEORGE PHONE: +86 1376 421 8363 ANASTASIA@CORP.THE9.COM | LITIGATION | Contingent, Unliquidated & Disputed | | | $1,383,024.00 |
| 6 | SUNBELT SOLOMON SERVICES, LLC 1922 S. MLK JR. DRIVE TEMPLE, TX 76504 | CONTACT: BILL SPARKS JR. PHONE: 330-727-3796 BILL.SPARKS@SUNBELTSOLOMON.COM | TRADE PAYABLE | Unliquidated & Disputed | | | $837,705.52 |

Debtor: Compute North Holdings, Inc., et al.                    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  ERNST & YOUNG LLP PNC BANK C/O ERNST & YOUNG US LLP 3712 SOLUTIONS CENTER CHICAGO, IL 60677-3007 | CONTACT: NYKEMA JACKSON PHONE: 404-541-8340 NYKEMA.JACKSON@EY.COM | PROFESSIONAL SERVICES - ACCOUNTING | | | | $341,292.00 |
| 8  COMMONWEALTH ELECTRIC COMPANY OF THE MIDWEST 472 26TH AVENUE COLUMBUS, NE 68601 | CONTACT: KELLI BIRKEL PHONE: 402-563-9334 KBIRKEL@COMMONWEALTH ELECTRIC.COM | UTILITIES | | | | $188,160.97 |
| 9  MVP LOGISTICS LLC 10205 10TH AVE N SUITE A PLYMOUTH, MN 55441 | CONTACT: RACHEL WILLIAMS PHONE: 763-390-5320 AR@MVPSHIP.COM | TRADE PAYABLE | | | | $121,051.54 |
| 10  MERITUS RECRUITING GROUP LLC 10319 LYNBROOK HOLLOW DR HOUSTON, TX 77042 | CONTACT: THOMAS WILLIAMS PHONE: 713-304-1883 TWILLIAMS@MERITUSRECR UITING.COM | TRADE PAYABLE | | | | $79,872.00 |
| 11  AXLE LOGISTICS 835 N CENTRAL STREET KNOXVILLE, TN 37917 | CONTACT: BEN SHUSTER PHONE: 888-440-1888 BEN.SHUSTER@AXLELOGISTI CS.COM | TRADE PAYABLE | | | | $75,230.00 |
| 12  URBAN SOLUTION GROUP 4230 ELATI ST DENVER, CO 80216 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 720-749-2916 ACCOUNTING@URBANSOLU TIONGROUP.COM | TRADE PAYABLE | | | | $71,637.50 |
| 13  GARTNER, INC. 13200 PAUL J DOHERTY PARKWAY FT MYERS, FL 33913 | CONTACT: SPENCER HOCKERT PHONE: 239-561-4000 SPENCER.HOCKERT@GARTN ER.COM | TRADE PAYABLE | | | | $62,125.25 |
| 14  WESTWOOD PROFESSIONAL SERVICES PO BOX 856650 MINNEAPOLIS, MN 55485 | CONTACT: DAVID WIRT PHONE: 888-937-5150 DAVID.WIRT@WESTWOODP S.COM | TRADE PAYABLE | | | | $59,866.25 |
| 15  ECHO SEARCH GROUP 1660 HIGHWAY 100 SOUTH, SUITE 318 ST LOUIS PARK, MN 55416 | CONTACT: AMIT BHATIA PHONE: 612-452-6000 ABHATIA@ECHOSEARCHGR OUP.COM | TRADE PAYABLE | | | | $47,400.00 |
| 16  KOCH FILTER CORPORATION 8401 AIR COMMERCE DR LOUISVILLE, KY 40119 | CONTACT: GILBERT FREDERICK PHONE: 888-684-8288 GILBERT.FREDERICK.NEWBER RY@KOCHFILTER.COM | TRADE PAYABLE | | | | $46,740.11 |
| 17  MADEL PA 800 HENNEPIN AVENUE MINNEAPOLIS, MN 55403 | CONTACT: AMITYBEINER PHONE: 612-605-0630 ABEINER@MADELLAW.COM | LAW FIRMS, ACCOUNTANTS, OTHER PROFESSIONALS | | | | $46,358.09 |
| 18  SPECTRUM SEARCH PARTNERS, LLC 4643 SOUTH ULSTER SUITE 1420 DENVER, CO 80237 | CONTACT: TOM SHAHNAZARIAN PHONE: 303-534-8105 TOM@SPECTRUMSEARCHPA RTNERS.COM | TRADE PAYABLE | | | | $45,000.00 |

**Debtor:** Compute North Holdings, Inc., et al.  Case Number: *(if known)*:

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | CORTALENT, LLC<br>7801 EAST BUSH LAKE ROAD SUITE 100<br>MINNEAPOLIS, MN 55439 | CONTACT: ALISON PYE<br>PHONE: 612-599-5933<br>APYE@CORTALENT.COM | TRADE PAYABLE | | | | $40,000.00 |
| 20 | FREUDENBERG FILTRATION TECHNOLOGIES L.P.<br>2975 PEMBROKE ROAD<br>HOPKINSVILLE, KY 42240 | CONTACT: COLETT GAGNON<br>PHONE: 270-887-6359<br>COLETT.GAGNON@FREUDENBERG-FILTER.COM | TRADE PAYABLE | | | | $39,934.08 |
| 21 | RAND WORLDWIDE INC.<br>11201 DOLFIELD BOULEVARD SUITE 112<br>OWINGS MILLS, MD 21117 | CONTACT: AUSTIN SOBOLEWSKI<br>PHONE: 800-356-9050<br>ASOBOLEWSKI@RAND.COM | TRADE PAYABLE | | | | $30,275.00 |
| 22 | RECRUITERS OF MINNESOTA<br>6110 BLUE CIRCLE DR, SUITE 280<br>MINNETONKA, MN 55343 | CONTACT: KELLY HOGAN<br>PHONE: 952-767-0089<br>KELLY@RECRUITERSOFMN.COM | TRADE PAYABLE | | | | $30,000.00 |
| 23 | HUBSPOT, INC.<br>25 FIRST STREET<br>CAMBRIDGE, MA 02141 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 888-482-7768<br>FAX: 617-812-5820<br>MEDIA@HUBSPOT.COM | TRADE PAYABLE | | | | $29,184.66 |
| 24 | DELL TECHNOLOGIES, INC<br>ONE DELL WAY<br>ROUND ROCK, TX 78682 | CONTACT: RICHARD ROTHBERG<br>PHONE: 512-513-9022<br>FAX: 512-283-2836<br>RICHARD_ROTHBERG@DELL.COM | TRADE PAYABLE | | | | $27,407.63 |
| 25 | GROWTH OPERATORS, LLC<br>800 LASALLE AVE<br>MINNEAPOLIS, MN 55402 | CONTACT: STEPHANIE WELLS<br>PHONE: 952-400-1440<br>STEPHANIE.WELLS@GROWTHOPERATORS.COM | TRADE PAYABLE | | | | $26,529.42 |
| 26 | CIRCUIT BREAKER GUYS LLC<br>4740 E 2ND ST UNIT C21<br>BENECIA, CA 94510 | CONTACT: STEVE WEIDNER<br>PHONE: 855-875-5050<br>STEVE@CBGUYS.COM | TRADE PAYABLE | | | | $25,904.99 |
| 27 | CITY OF BIG SPRING, TX<br>310 NOLAN STREET<br>BIG SPRING, TX 79720 | CONTACT: ARICKA GROVE<br>PHONE: 432-264-2346<br>AGROVE@MYBIGSPRING.COM | UTILITIES | | | | $24,463.87 |
| 28 | KOHO CONSULTING<br>6030 PRINTERY STREET SUITE 103<br>TAMPA, FL 33616 | CONTACT: MARC DOUCETTE<br>PHONE: 813-390-1309<br>MARC@KOHOCONSULTING.COM | TRADE PAYABLE | | | | $22,000.00 |
| 29 | FLEXENTIAL CORP.<br>PO BOX 732368<br>DALLAS, TX 75373-2368 | CONTACT: MARK LEYDA<br>PHONE: 888-552-3539<br>MARK.LEYDA@FLEXENTIAL.COM | TRADE PAYABLE | | | | $20,790.00 |
| 30 | PROSEK LLC<br>105 MADISON AVE FLOOR 7<br>NEW YORK, NY 10016 | CONTACT: THOMAS PETRULLO<br>PHONE: 646-818-9208<br>TPETRULLO@PROSEK.COM | TRADE PAYABLE | | | | $20,737.50 |

Fill in this information to identify the case and this filing:

Debtor Name:  Compute North LLC

United States Bankruptcy Court for the:                    Southern District of Texas
                                                                              (State)

Case number (If known):

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other documents that require a declaration  Corporate Ownership Statement, List of Equity Security Holders, and Authorizing Resolutions

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| 09 / 22 / 2022 | ✗ /s/ Harold Coulby |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | Harold Coulby |
| | Printed name |
| | Authorized Signatory |
| | Position or relationship to debtor |

**Official Form 202**                      **Declaration Under Penalty of Perjury for Non-Individual Debtors**

Exhibit A